UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNIE JAMES,<br><br>        Plaintiff,<br><br>   v.<br><br>J. PRICE, et al.,<br><br>        Defendants. | No. 2:17-cv-1433 MCE CKD P<br><br><br>ORDER |

Plaintiff, a California prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Defendants removed this action to federal court from the Superior Court of Santa Clara County on March 30, 2017. Plaintiff has not filed a timely objection to removal. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has conducted the required screening and finds that plaintiff's complaint states a claim against defendant Austin upon which relief could be granted arising under the Eighth

/////

1

Amendment for excessive force as detailed on page 8 of plaintiff's complaint. In all other respects, plaintiff's complaint fails to state claims upon which relief can be granted.

At this point, plaintiff has two options: 1) he may either proceed only on the claim identified above; or 2) attempt to cure the deficiencies with respect to other claims in an amended complaint.

If plaintiff chooses to amend, plaintiff is informed as follows:

1. Pursuant to Federal Rule of Civil Procedure 20(a)(2), plaintiff may join in one action as many claims as he has against one defendant. Other defendants can be joined to claims, but claims which are only against other defendants generally must be brought in a separate action.

2. In order to state a claim for damages, plaintiff must allege facts indicating a causal connection between the actions of a defendant and the injury sustained by plaintiff. See Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3. Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."

4. Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when injury occurs as a result of the individual's deliberate indifference to serious medical needs. Id. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058

Plaintiff is informed that the court cannot refer to a prior pleading in order to make an amended pleading complete. Local Rule 220 requires that an amended complaint be complete in

| | |
|---|---|
| 1 | itself without reference to any prior pleading.  This is because, as a general rule, an amended |
| 2 | complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). |
| 3 | Once plaintiff files an amended complaint, the original pleading no longer serves any function in |
| 4 | the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the |
| 5 | involvement of each defendant must be sufficiently alleged. |
| 6 | In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted thirty |
| 7 | days to file an amended complaint that complies with the terms of this order.  If plaintiff does not |
| 8 | file an amended complaint within 30 days, this action will proceed on plaintiff's claim arising |
| 9 | under the Eighth Amendment against defendant Austin and the court will recommend that all |
| 10 | other defendants be dismissed. |
| 11 | Dated:  November 27, 2017 |
| 12 | _____ |
| 13 | CAROLYN K. DELANEY<br>UNITED STATES MAGISTRATE JUDGE |

1
jame1433.1

3